IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>   v.<br><br>ELECTRONICS FOR IMAGING, INC.,<br><br>        Defendant.<br>_____ / | No. C 09-02408 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN PARTY UNDER RULE 19, AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this declaratory relief action, defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(7) for failure to join two excess insurers under Rule 19, and plaintiffs move for summary judgment on its coverage obligations. Because the absent insurers were both necessary and indispensable to this suit, Rule 19 required plaintiffs to join them as named parties. Joinder would destroy diversity of citizenship, which is the sole basis of subject-matter jurisdiction. Accordingly, defendant's motion to dismiss is **GRANTED**. Plaintiffs' motion for summary judgment is **DENIED** as it is now **MOOT**.

**STATEMENT**

Electronics for Imaging, Inc. ("EFI") is a Delaware corporation that subscribed to directors and officers liability insurance under five different carriers. Under an excess layer scheme, each of four of the five carriers provided EFI with insurance coverage that was designed to kick in after another carrier's coverage was exhausted. Columbia Casualty

1  Company ("Columbia") was EFI's primary insurance carrier. Columbia's policy represented
2  the base level of coverage, insuring EFI and its directors and officers for an aggregate limit of
3  five million dollars. Liberty Mutual Insurance Company ("Liberty") insured the first excess
4  layer beyond the base level for an aggregate limit of five million dollars. Hudson Insurance
5  Company ("Hudson") insured the second excess layer for an aggregate limit of five million
6  dollars. Old Republic Insurance Company ("Old Republic") insured the third excess layer for
7  an aggregate limit of five million dollars. Zurich American Insurance Company ("Zurich")
8  insured the fourth and final layer for an aggregate limit of five million dollars. Each excess
9  policy incorporated the terms of the Columbia primary policy and any policies that preceded its
10 coverage. In total, EFI and EFI directors and officers had $25 million in coverage.

11 At some time during which EFI was insured, an EFI shareholder filed a shareholder's
12 derivative and class action suit in the Delaware Court of Chancery, naming EFI and several EFI
13 directors and officers as defendants. The complaint alleged that the defendants had backdated
14 stock option grants to current or former directors, senior officers and other employees.
15 Additionally, it alleged that defendants produced inaccurate financial statements between fiscal
16 years 2002 and 2005. The parties to the litigation, including insurance carriers, began
17 settlement negotiations in which Columbia tendered the five million limit of liability on its
18 primary policy. The excess insurers, however, did not tender their policy limits.
19 Defendants finalized a settlement agreement without the excess insurers. Thereafter, the
20 Delaware court entered a judgment requiring Columbia to pay EFI five million dollars and
21 requiring defendants to pay EFI $19 million, a settlement amount that EFI could only enforce
22 against the four excess insurers. Columbia paid out five million dollars while Liberty, Hudson,
23 Old Republic, and Zurich refused to pay.

24 Two separate suits were then filed. In California Superior Court for San Mateo County,
25 Liberty and Hudson initiated a declaratory judgment action against EFI to have their respective
26 rights and duties declared under the Delaware litigation and their excess insurance policies
27 (State Compl. ¶ 33–34). The state complaint alleged that Hudson's coverage obligation
28 depended on whether Liberty had any coverage obligation (*id.* at ¶ 17–27). In this court, on the

1  same day, Old Republic and Zurich initiated a declaratory judgment action against EFI seeking
2  to resolve their respective rights and duties under the Delaware litigation and their excess
3  insurance policies (Federal Compl. ¶ 32–33). The federal complaint alleged that Old Republic
4  and Zurich's coverage obligations depended on whether Liberty and/or Hudson had any
5  coverage obligations (*id.* at ¶ 19–20).

The following chart sets out the order of the excess policies and their policy limits:

| | Insurer | Coverage/Litigation Status | Policy Limit |
|---|---|---|---|
| 1. | Columbia | Limits paid | $5 million |
| 2. | Liberty | Limits not paid; state court plaintiff | $5 million (in excess of $5 million) |
| 3. | Hudson | Limits not paid; state court plaintiff | $5 million (in excess of $10 million) |
| 4. | Old Republic | Limits not paid; federal court plaintiff | $5 million (in excess of $15 million) |
| 5. | Zurich | Limits not paid; federal court plaintiff | $5 million (in excess of $20 million) |

EFI now seeks to dismiss Old Republic and Zurich's federal complaint for their failure to join Liberty and Hudson as necessary and indispensable parties under Rule 19. Old Republic and Zurich seek a summary judgment on its coverage obligations under the excess policies. Because Hudson and EFI are both Delaware corporations, a compulsory joinder would destroy diversity of citizenship thereby stripping this court of subject-matter jurisdiction. If EFI's motion to dismiss fails, EFI alternatively requests for a stay on this action pending resolution of the state declaratory relief sought by Liberty and Hudson.

**ANALYSIS**

A party making a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal is appropriate. Rule 19 provides separate tests for determining whether a party is necessary and indispensable. Both tests must be satisfied before a suit may be dismissed for nonjoinder of an absent party. In assessing whether

3

the tests have been met, the court's inquiry should be both fact-specific and practical. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968). The inquiry is designed to avoid the harsh results of rigid application. *Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981).

Rule 19(a) contains the "necessary party" test, which itself is comprised of two prongs. The first prong states that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." If this prong is not met, a party may still be deemed necessary if the second prong is met. That prong requires joining a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of interest."

A finding that a party is necessary does not end the inquiry. The party must also pass the "indispensable party" test contained in Rule 19(b). Absent a necessary party, the court must decide whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Relevant factors to this determination include: (i) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties, (ii) the extent to which any prejudice could be lessened or avoided, (iii) whether a judgment rendered in the person's absence would be adequate, and (iv) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

**1.     Rule 19(a).**

EFI contends that Hudson and Liberty are necessary parties under the first prong of Rule 19(a). Old Republic and Zurich's insurance obligations are allegedly dependent on Hudson and Liberty's obligations, and therefore complete relief cannot be afforded to Old Republic and Zürich without bringing Hudson and Liberty into the suit. Hudson and Liberty counter that each insurance policy is a separate contract; hence, complete relief can be granted to Old Republic and Zurich without needing to determine Hudson and Liberty's obligations.

4

As laid out in their excess insurance policies, Old Republic and Zurich's obligations depend on the exhaustion of Hudson and Liberty's underlying layers of coverage. The fact that each insurance contract created a separate obligation has no bearing since each policy incorporated terms and provisions of other policies. Notwithstanding this interdependence between insurers, complete relief *among existing parties* in the action may be granted absent a joinder of Hudson and Liberty. Defendant has misunderstood the import of 'complete relief' in this suit. For Old Republic and Zurich to obtain complete declaratory relief as to EFI, this court will certainly have to interpret the absent insurers' policies to assess their obligations before it can resolve the higher excess insurers' obligations. The mere necessity of this step, however, does not make Hudson and Liberty necessary parties under Rule 19(a)(1)(A). Nor does the lack of a binding declaration of Hudson and Liberty's liability afford EFI partial relief as to Old Republic and Zurich. This order will fully adjudicate Old Republic and Zurich's coverage within their policy limits, irrespective of Hudson and Liberty's presence in the suit.

Although Hudson and Liberty are not necessary parties by defendant's reasoning, there is more to the "complete relief" analysis. To determine completeness of relief, this order should not only consider the interests of the parties in the suit, but also the interests "of the public in avoiding repeated lawsuits on the same essential subject matter." Notes of Advisory Committee on Rule 19. This suit's subject matter concerns Old Republic and Zurich's coverage obligations, which are necessarily tied to Hudson and Liberty's coverage obligations. The latter are currently being litigated in parallel state proceedings. Accordingly, the finality of any judgment on Old Republic and Zurich's liability as higher excess insurers is contingent on the state ruling. Permitting this suit to proceed without the absent parties will result in duplicative litigation as the facts and issues being litigated in both courts are completely identical, and will possibly result in conflicting outcomes. Requiring Old Republic and Zurich to join Hudson and Liberty in this suit is both desirable and sensible from a public standpoint. On these grounds, this order finds that Hudson and Liberty are necessary parties. For thoroughness, this order will also consider EFI's contention that Old Republic and Zurich are necessary parties under Rule 19(a)'s second prong.

5

1           Rule 19(a)(1)(B)(i) requires joinder of party if resolving Old Republic and Zurich's obligations in Hudson and Liberty's absence would, as a practical matter, impair Hudson and Liberty's ability to protect their interests. On this front, EFI essentially raises a 'persuasive precedent' argument. EFI argues that there is a possibility that this court's assessment of the lower excess insurers' policies will influence the state court's interpretation and ruling on said obligations. Plaintiffs claim that Hudson and Liberty are not necessary parties under this prong because they cannot be held liable in this court, and therefore do not have legally protected interests.

          Rule 19(a)(1)(B)(i) is not limited to circumstances where parties will be technically bound to a judgment. *Provident*, 390 U.S. at 110. Just because an interpretation of the underlying excess policies in this suit will not bind Hudson and Liberty does not mean that they do not have legal interests at stake. Given the complete redundancy of factual and legal issues in both federal and state proceedings, a significant possibility arises that decisions reached here will have some persuasive effect on the state action over Hudson and Liberty's obligations. If this were the outcome, then Hudson and Liberty would have lost a critical opportunity to argue their interpretation of their policies before this court. Hudson and Liberty's interests are vulnerable in a practical sense. Their interests will be impaired if this suit were allowed without their representation, making both of them necessary parties.

          This order also finds that Hudson and Liberty are necessary parties under Rule 19(a)(1)(B)(ii), which requires joinder if continuing the suit will expose any existing party to inconsistent obligations. The risk of inconsistency is substantial with parallel litigation and will most likely fall on EFI, the insured and the common defendant. For instance, if this court determines that higher excess insurers Old Republic and Zurich are liable, but the state court determines that lower excess insurers Hudson and Liberty are not liable, then EFI will have obtained conflicting judgments concerning its rights and duties under its insurance agreements. EFI will be prevented from enforcing this court's judgment against Old Republic and Zurich without a binding judgment against Hudson and Liberty, causing EFI to incur inconsistent obligations. This is the type of inconsistency that Rule 19(a) was most likely designed to

avoid. Under Rule 19(a)'s second prong, then, Hudson and Liberty are also considered necessary parties.

Because this order finds that Hudson and Liberty are necessary parties under Rule 19(a), it proceeds to Rule 19(b) analysis to determine if the suit should dismissed for nonjoinder of Hudson and Liberty due to their "indispensability" as parties.

### 2. Rule 19(b).

Several of the factors considered under Rule 19(b)'s "indispensable party" test overlap significantly with previous Rule 19(a) analysis. Explanation of this order's finding that Hudson and Liberty are indispensable parties will be brief. The first factor — the extent to which a judgment rendered without Hudson and Liberty might prejudice them or existing parties — has been discussed in relation to Rule 19(a)(1)(B)(i) and Rule 19(a)(1)(B)(ii). As explained above, an unfavorable judgment to Old Republic and Zurich in this court may, as a practical matter, prejudice Hudson and Liberty since it will weaken their ability to protect their interests in related state proceedings. That same judgment, on the other hand, may also have negative consequences for EFI, who may find itself in a catch-22 if it receives an unfavorable judgment in state court. The first factor weighs heavily towards dismissal for nonjoinder because of these two considerations.

The third factor — whether a judgment rendered without Hudson and Liberty will be adequate — is informed by prior discussion of Rule 19(a)(1)(A). Adequacy "refer[s] to [the] public stake in setting disputes by wholes." *Provident*, 390 U.S. at 111. Given the pending state litigation, any judgment rendered in this court cannot be adequate because its finality will be contingent on another court's ruling. In filing two separate suits involving the same controversy, plaintiffs to both actions have unnecessarily bifurcated the resolution of their dispute. This factor weighs towards dismissal. The fourth factor — whether Old Republic and Zurich have an adequate remedy if their complaint is dismissed — also weighs towards dismissal. Here, plaintiffs can litigate effectively in state court.

Old Republic and Zurich cite appellate decisions for the proposition that excess insurers are neither necessary nor indispensable to a declaratory relief judgment on coverage. As EFI

7

pointed out, however, no decision is directly on point. In *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 314 (3d Cir. 2007), the court ruled that the absent insurers were not necessary because all the insurers shared joint and several liability, which made it possible for the plaintiff to obtain complete relief against just one insurer. Similarly, in *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 176 (3d Cir. 1998), the court ruled that absent insurers were not necessary because the named insurer's policy was not dependent on exhaustion of underlying carriers' coverage but rather a $1,050,000 deductible. The insurers in this case operate an excess insurance scheme in which their coverage obligations are clearly interdependent.

Since plaintiffs failed to join Hudson and Liberty, and joinder of Hudson would destroy complete diversity as to EFI, this court now lacks subject-matter jurisdiction for this suit.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiffs' complaint for failure to join parties under Rule 19 is **GRANTED**. Since an amendment would destroy diversity jurisdiction, leave to amend is denied. Plaintiffs' motion for summary judgment is **DENIED** as it is now **MOOT**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE